MICHAEL REINIG, APPELLANT, *v.* THE BROADWAY RAILROAD COMPANY OF BROOKLYN, RESPONDENT.

49 269
f45ap392

*Master and servant — injury sustained by the latter in falling through a sky-light — liability therefor.*

Where a servant is directed to clean off the snow from a roof, and in returning to the ground after doing so, in order to avoid a snow-drift at the bottom of a ladder on which he is descending, jumps off the ladder and falls through a sky-light in the roof, which is so covered with snow that it cannot be seen, he has no right of action against his employer for injuries arising therefrom.

The duty does not rest upon the master under such circumstances, where a roof has been suddenly covered by a heavy fall of snow, to notify his servant of the existence of a sky-light therein.

APPEAL from a judgment entered upon the dismissal, at the close of the plaintiff's testimony, of the plaintiff's complaint on a trial at the Kings County Circuit.

The action was brought by the plaintiff, an employee of the defendant, to recover damages for injuries sustained by the plaintiff in falling through a sky-light in the roof of the defendant's stable upon which he had gone to remove the snow. The complaint was dismissed on the trial on the ground that no evidence of negligence on the part of the defendant was shown.

*Charles J. Patterson* and *Moses J. Harris*, for the appellant.

*William M. Ingraham* and *Thomas S. Moore*, for the respondent.

BARNARD, P. J. :

There is nothing in the evidence which varies the general rule that an employee assumes all the risks of the employment. Nothing was defective as between master and servant. The plaintiff was told to clean a roof from snow, and after doing the work, on his return to the ground, to avoid a snow-drift at the bottom of the ladder, he jumped off on the side of the ladder and fell into a sky-light in a roof, which was so covered with snow that it could not be seen. The plaintiff was a changer of horses, and when he shoveled off the roof he took the risks of that employment also. (Thompson on Negligence, 976.)

The plaintiff performed the service at the direction of one

Eckert, a co-employee. If there was a duty upon the part of Eckert to warn the plaintiff against a hidden sky-light, it was a neglect of a co-employee, and no action is maintainable against the common master. There are many cases cited in support of the action, and there are detached portions of opinions which seem to condemn masters for not protecting the servant against concealed dangers. None of these, on examination, I think, call upon a master to notify a servant against a sky-light in a roof suddenly covered by a heavy fall of snow.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment dismissing complaint affirmed, with costs.